**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ASAF P. GUTTMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>LIFE FITNESS, LLC,<br><br>*Defendant*. | No. 24-cv-07416 (MEF)(SDA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

\* \* \*

The background:

A former gym member[1] sued his old gym[2] after it terminated his membership. See Complaint and Jury Demand ("Complaint") (ECF 1-1) ¶¶ 1, 9-15.

The former gym member (from here, "the Plaintiff"[3]) pressed claims of discrimination and retaliation. See id. ¶¶ 16-35.

---

[1] Asaf P. Guttman.

[2] Life Fitness, LLC. See Complaint and Jury Demand (ECF 1-1) at 1. Elsewhere, the gym is called "LTF Club Operations Company, Inc." See Notice of Removal (ECF 1) at 1. And "Life Time Club Operations Company, Inc." See Statement of Undisputed Material Facts Pursuant to L.R. 56.1 (ECF 21-1) ¶ 1.

[3] The Plaintiff is pro se. So the Court construes his filings broadly, as it must. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

The gym (from here, "the Defendant") has now moved for summary judgment.  See Notice of Motion for Summary Judgment (ECF 21).[4]

The motion is granted in part.[5]

\* \* \*

The Plaintiff's first claim is for disability discrimination in violation of the federal Americans with Disabilities Act (the "ADA").  See Complaint ¶¶ 16-19.

---

[4]  The Defendant first moved for summary judgment in January 2025.  See Notice of Motion for Summary Judgment (ECF 15).  The Plaintiff responded by asking for an extension to file an amended complaint and serve interrogatories.  See February 12, 2025 Letter (ECF 19).  The United States Magistrate Judge administratively terminated the Defendant's then-pending summary judgment motion, opting to allow the Plaintiff leave to amend his complaint and to reopen fact discovery.  See April 2, 2025 Order (ECF 20) ¶¶ 2, 5, 7.  But the Plaintiff did not do either of these things.  See July 14, 2025 Letter (ECF 22).  And so, a few months later, in June 2025, the Defendant filed a second summary judgment motion.  That is the motion now before the Court.  The Plaintiff was required to file his opposition to that motion on or before June 23.  See June 9, 2025 Automatically Generated Message; D.N.J., United States District Court for the District of New Jersey 2025 Regular Motion Days, https://www.njd.uscourts.gov/sites/njd/files/2025Motions.pdf (last accessed Feb. 15, 2026).  But he did not.  Instead, on July 8, he filed a letter to "request additional time."  July 8, 2025 Letter (ECF 23) at 1.  Ultimately, via a text order, the Plaintiff was again provided with a chance to weigh in on the Defendant's summary judgment motion.  See October 30, 2025 Text Order (ECF 25).  But instead of doing so, the Plaintiff explained that he was "unable to meet the requirements set forth in the order(s)."  November 11, 2025 Letter (ECF 27).  Bottom line: the Plaintiff has not come forward with a substantive response to the current summary judgment motion, the one filed in June 2025.

[5]  In considering the motion, the Court applies the standard rules that govern consideration of summary judgment motions.  See Specht v. Suarez, 798 F. Supp. 3d 485, 492 n.9 (D.N.J. 2025).

A plaintiff bringing this sort of claim "must show, as a threshold matter, that he is 'disabled' under the ADA." Bialko v. Quaker Oats Co., 434 F. App'x 139, 142 (3d Cir. 2011) (quoting Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000)).[6]

Why? Because the necessary B (a defendant's allegedly improper conduct toward the plaintiff --- discrimination) must be connected up to A (a plaintiff's disability). Without a disability in the first place, there can be no such connection.

Here, the Plaintiff's cited disability seems to be that he has a criminal conviction --- his gym membership was shut down (the complained-of discrimination) after one of the Defendant's employees learned that a person with the Plaintiff's name was "a convicted felon." Statement of Undisputed Material Facts Pursuant to L.R. 56.1 ("Statement of Undisputed Material Facts") (ECF 21-1) ¶¶ 19-22; see also Certification of Counsel, Exhibit 5 ("Deposition Transcript") (ECF 21-11) at 29:21-36:21; 39:10-16.

But an argument along these lines cannot work, because a criminal conviction is not a "disability" under the ADA. See West v. Prudential Ins. Co. of Am., 462 F. App'x 170, 171 (3d Cir. 2011); see also Harris v. Polk County, 103 F.3d 696, 697 (8th Cir. 1996) (collecting cases); Paloma v. Murphy, 2024 WL 4903909, at *16-17 (D.N.J. Nov. 26, 2024).

The Defendant is therefore entitled to summary judgement on the Plaintiff's ADA disability-discrimination claim.

\*   \*   \*

---

[6] See also Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2002) (noting that "'disability'" is "the first requirement of a[n ADA] discrimination case") (quoting 42 U.S.C. § 12102(1)); Cassidy v. Detroit Edison Co., 138 F.3d 629, 633 (6th Cir. 1998) ("Disability is the threshold requirement to claim discrimination under the ADA."); Kellogg v. Energy Safety Servs., Inc., 544 F.3d 1121, 1124 (10th Cir. 2008) ("The first element of a discrimination claim under the ADA is proof that the plaintiff has a qualifying 'disability' under the statute."); Eustace v. S. Buffalo Mercy Hosp., 36 F. App'x 673, 674 (2d Cir. 2002) ("A discrimination claim under the ADA requires . . . proof that the plaintiff was disabled within the meaning of the ADA.").

The Plaintiff also presses a second claim under the ADA, for retaliation. See Complaint ¶¶ 20-23.

"[U]nlike a general ADA discrimination claim, an ADA retaliation claim does not require that the plaintiff demonstrate a disability within the meaning of the ADA." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 188 (3d Cir. 2010).

But the Plaintiff's ADA retaliation count does not work for another reason.

An ADA retaliation claim requires a plaintiff to "first establish that he was engaged in protected conduct." Cottrell v. Good Wheels, 458 F. App'x 98, 100 (3d Cir. 2012) (cleaned up).

Typical examples of protected activity are asking for an accommodation, like a ramp to smooth the path for a person in a wheelchair.  Or making a filing with the Equal Employment Opportunity Commission.  Or complaining about certain workplace conditions.  See Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 184-86, 190-91 (3d Cir. 2003).

But while the Plaintiff here has pointed to complaints he made to the Defendant-gym, his grievances are a long way from the sorts of complaints that can amount to protected conduct under the ADA.  Cf. Stouch v. Township of Irvington, 354 F. App'x 660, 667 (3d Cir. 2009).

The Plaintiff contends that the Defendant retaliated against him after he complained about "various pieces of lost personal property, such as swimming trunks and goggles." Statement of Undisputed Material Facts ¶¶ 26, 40; see also Deposition Transcript at 9:2-18, 11:5-24, 12:13-16, 21:11-15, 50:4-51:8.

But these are complaints about the everyday working of the gym and its lost-and-found system.  They are not protected conduct under the ADA.  Cf. Nelson-Rogers v. Kaiser Permanente, 2020 WL 917067, at *12-13 (D. Md. Feb. 25, 2020) (concluding that filing a complaint about air quality at one's place of employment is "not protected conduct under the ADA"); Stouch, 354 F. App'x at 667 (noting that the plaintiff's "complaints to supervisors and OSHA about the communications room were not related to any disability but, rather, focused on his dissatisfaction with the conditions of the room").

4

To cite another example, the Plaintiff complained that his "membership [was] not . . . upgraded in time," so for a brief interval[7] he did not get access to a particular area at one of the gym locations in the Defendant's chain. See Statement of Undisputed Material Facts ¶¶ 34, 40; see also Deposition Transcript at 9:18-10:9, 10:13-11:2, 12:18-22, 20:13-20, 21:11-15.

But same point. This is simply not the stuff of "protected conduct" shielded from retaliation by the ADA.

Summary judgment must be granted as to the Plaintiff's second ADA claim. "[A] reasonable jury could not conclude that [the Plaintiff's membership] termination was causally connected to any activity protected under the ADA." Oirya v. Mando Am. Corp., 2024 WL 1462500, at *8 (11th Cir. Apr. 4, 2024). There is no evidence here of any such protected activity.[8]

\*   \*   \*

With the federal claims out of the case, what remains is a series of state-law claims. See Complaint ¶¶ 1, 24-35.

---

[7] The issue was resolved on the same day it emerged. See Statement of Undisputed Material Facts ¶ 36; Deposition Transcript at 38:2-4.

[8] An added note. At two points in the complaint, the Plaintiff refers to 42 U.S.C. § 1981. See Complaint ¶¶ 1, 17. The first reference suggests the Plaintiff wishes to press a stand-alone Section 1981 claim. See id. ¶ 1. But to make out such a claim, a plaintiff must put forward, among other things, evidence that he "is a member of a racial minority," and that there was "intent to discriminate on the basis of race by the defendant." Brown v. Phillip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). But the Plaintiff does not speak to either of these. The second time it is referenced in the complaint, Section 1981 comes up in the context of the Plaintiff laying out his ADA discrimination count. See Complaint ¶ 17. That suggests the Plaintiff (who is pro se, see footnote 3) may mean to be invoking 42 U.S.C. § 1981a, which, among other things, "expands" the remedies available for ADA discrimination claims. See Israelitt v. Enter. Servs. LLC, 78 F.4th 647, 659 (4th Cir. 2023). But the Court has concluded that summary judgment must be granted in the Defendants' favor as to the ADA discrimination claim. So the remedies that might be available under Section 1981a for such a claim are not relevant here.

5

As to those, the Defendant asserts that "[t]ypically, a federal court would engage in a supplemental-jurisdiction analysis to determine whether it has the requisite authority to decide these state-law claims." Legal Brief in Support of Defendant LTF Club Operations Company, Inc. i/s/a Lifetime, LLC's Renewed Motion for Summary Judgment ("Defendant's Brief") (ECF 21-3) at 9-10.

That would make sense if jurisdiction in this case was anchored in federal-question jurisdiction (as to the ADA claims) and the supplemental jurisdiction that stretches out from there (to cover the state-law claims).

And the Defendant removed this case to federal court on just that jurisdictional theory. See Notice of Removal (ECF 1) ¶¶ 14-15.

But the Defendant also leaned on another jurisdictional theory. It contended that this Court has jurisdiction under the diversity statute, 28 U.S.C. § 1332. See id. ¶ 16.

If there is, indeed, diversity jurisdiction here, it would seem that the demise of the federal-law ADA claims is immaterial --- because one way or another the state-law claims must be taken on.

As to the merits of the state-law claims, the Defendant's argument is terse --- just over a page, mainly focused on the argument that that the Plaintiff "has never identified which State laws [the Defendant] allegedly violated." Defendant's Brief at 10; see also id. ("In addition to his federal claims, [the P]laintiff pleaded unspecified violations of various unnamed New York, New Jersey, Illinois, and Minnesota State 'human rights laws.'").

But this may not be persuasive.

New York, for example, has a law called the New York State Human Rights Law. See N.Y. Exec. Law. § 290 et seq. Why should the Court conclude that the Plaintiff has not identified it particularly enough in his complaint? See Complaint at 4 (invoking the "New York State Human Rights Law"); id. ¶ 29 (same); see also id. at 5 ("New York State City Human Rights Law").

6

Moreover, it may be inconsistent with the Court's normal treatment of pro se complaints[9] not to take the Plaintiff's invocation of "the New Jersey State Human Rights Law," see id. ¶¶ 1, 25, 29, as a reference to the "New Jersey Law Against Discrimination." See N.J. Stat. Ann. § 10:5-1 et seq.

Against the backdrop set out above, the Court will allow the parties to make supplemental submissions related to the Plaintiff's state-law claims --- as to, for example, whether there is diversity jurisdiction here; and as to whether the Defendant's summary judgment motion works on the merits. The Defendant's supplemental submission is due on March 17. The Plaintiff's is due on April 17. Each shall be in the form of a letter brief that musters the relevant case law; the letter briefs may attach any necessary excerpts from the discovery.

*       *       *

As to the two Americans with Disabilities Act claims and the Plaintiff's Section 1981 claim (to the extent one is being raised), the Defendant's motion for summary judgment at ECF 21 is granted.

As to the remaining state-law claims, the Defendant's ECF 21 motion is administratively terminated. This case will be returned to the Court's active docket on April 18, after the further briefing described above has been filed.

IT IS on this 17th day of February, 2026, SO ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.

---

[9] See, e.g., Webb v. Hillside Mun. Police Dep't, 2026 WL 91682, at *1 n.5 (D.N.J. Jan. 13, 2026); see also Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) ("[a]s Higgins filed his complaint pro se, . . . we will apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.") (cleaned up).